**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SEAN HENRY WHITE BREMNER, AKA Sean Bremz, <br><br> Defendant-Appellee. | No.   20-30039 <br><br> D.C. No. 4:19-cr-00065-BMM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 4, 2021[**]
Portland, Oregon

Before:  BOGGS,[***] PAEZ, and WATFORD, Circuit Judges.

The government appeals the district court's dismissal of Count II of a five-count indictment, which charges Sean Bremner with production of child

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

pornography in violation of 18 U.S.C. § 2251(a).  The district court dismissed Count II because the allegations did not show a sufficient connection to interstate commerce.  We have jurisdiction under 18 U.S.C. § 3731.  Reviewing de novo, we reverse.  See *United States v. Laursen*, 847 F.3d 1026, 1031 (9th Cir. 2017).

**1.** Bremner's alleged conduct may not be connected to interstate commerce, but such a connection is not required.  Congress may regulate "activities that substantially affect interstate commerce."  *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).  "When Congress decides that the total incidence of a practice poses a threat to a national market," it considers the practice in the aggregate and "may regulate the entire class."  *Gonzales v. Raich*, 545 U.S. 1, 17 (2005) (internal quotation marks omitted).

We have applied this principle to child pornography cases, including violations of § 2251(a).  See *United States v. McCalla*, 545 F.3d 750, 756 (9th Cir. 2008); *United States v. Sullivan,* 797 F.3d 623, 632 (9th Cir. 2015); *Laursen*, 847 F.3d at 1035.  In *United States v. McCalla*, we held that "it is eminently rational that Congress would seek to regulate intrastate production of pornography even where there is no evidence that it was created for commercial purposes."  545 F.3d at 755.  The individual circumstances of Bremner's alleged production of child pornography do not matter, because "when a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances

arising under that statute is of no consequence." *Id.* at 756. Bremner's alleged conduct may have had no connection to the broader market for child pornography, but *McCalla* does not require such a connection.

In dismissing Count II, the district court relied on a pre-*Raich* case, *United States v. McCoy*, 323 F.3d 1114 (9th Cir. 2003), and Bremner argues that *Raich* did not fully overrule *McCoy*. But even assuming that some aspect of *McCoy*'s holding survived *Raich*, that aspect does not apply to this case. *McCalla* held that "to the extent the reasoning employed in *McCoy* relied on the local nature of the activity, it has been overruled by the Supreme Court's decision in *Raich*." 545 F.3d at 756. Bremner argues that *McCoy* also relied on the "non-commercial nature of the activity," and that *Raich* and *McCalla* did not overrule that aspect of *McCoy*'s holding. But *McCalla* also held that Congress may regulate the production of child pornography even when the production was not for a commercial purpose. 545 F.3d at 755.

**2.** To the extent that Bremner argues that the jurisdictional requirement of § 2251(a) has not been met, the government has alleged sufficient information that, if proven, can satisfy the jurisdictional requirement. Evidence that a device used to produce child pornography traveled in interstate commerce—including a phone or computer—satisfies the jurisdictional requirement of § 2251(a). *See United States*

3

*v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014).[1]

**REVERSED** and **REMANDED.**

---

[1] Similarly, Bremner's reliance on *United States v. Wright*, 625 F.3d 583 (9th Cir. 2010), to argue that after *Raich* an individualized connection to interstate commerce is still jurisdictionally required, is misplaced. *Wright* concerned whether the government provided sufficient evidence to meet the jurisdictional requirement of 18 U.S.C. § 2252A(a)(1), not Congress's authority to regulate under the Commerce Clause. *See* 625 F.3d at 600.