JEFFREY K. STARNES
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls MT 59403
119 First Ave. N., Suite 300
Great Falls, MT 59401
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Jeff.Starnes@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED

JUL 20 2021

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 19-65-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| SEAN HENRY WHITE BREMNER a/k/a "Sean Bremz," | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Jeffrey K. Starnes, Assistant United States Attorney for the District of Montana, and the defendant, SEAH HENRY WHITE BREMNER and the defendant's attorney, Rachel Julagay, have agreed upon the following:

AUSA  DEF  ATTY  Date  7/20/21

Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charge:** The defendant agrees to plead guilty to Count III of the indictment, which charges the crime of receipt of child pornography, in violation of 18 U.S.C. § 2252A. This offense carries a maximum punishment of a mandatory minimum five to 20 years of imprisonment, a $250,000 fine, at least five years of supervised release, and a $100 special assessment. The crime may additionally qualify for a $5,000 special assessment. The defendant also agrees to plead true to the forfeiture allegation.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss Counts I, II, IV and V of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rules 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, Counts I, II, IV, and V; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and Counts I, II, IV and V are dismissed, there will not be an automatic right to withdraw the

plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of receipt of child pornography as charged in Count III of the indictment. In pleading guilty, the defendant acknowledges that:

- First, the defendant knowingly received a visual depiction using any means or facility of interstate or foreign commerce, including a computer;

- Second, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

- Third, such visual depiction was of a minor engaging in sexually explicit conduct;

- Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

- Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

5. **Waiver of Rights by Plea:**

    (a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

    (b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The

defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend that the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. Finally, the United States agrees that it will recommend the defendant be sentenced to a term of 5 years of imprisonment.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Potential Departure for Substantial Assistance:** The defendant maintains that the defendant can provide substantial assistance to the United States

that would make the defendant eligible to receive consideration from the prosecution in the form of a substantial assistance departure motion under USSG §5K1.1 and/or 18 U.S.C. § 3553(e) and/or Rule 35, Federal Rules of Criminal Procedure.

*Obligations of the defendant*: Substantial assistance means, for the purposes of this agreement that the defendant agrees to:

- provide complete, truthful, forthright, material, important, valuable, and meaningful information to the best of the defendant's knowledge and belief bearing on any subject inquired of the defendant by the Court, the United States Attorney's Office, the Grand Jury, or any Federal, State, or local investigative agency, and

- provide complete, truthful, and forthright testimony if called upon in any proceeding before a court or grand jury.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statements, obstruction of justice, or perjury.

*Obligations of the United States*: If the defendant chooses to provide assistance, the prosecution agrees that the information provided will not be used against the defendant in any criminal proceeding, including at the defendant's own sentencing. This testimonial restriction does not extend to forfeiture or other civil issues.

The United States will consider and evaluate any written proffer or nature of the information and the recommendations of law enforcement. If the prosecution



AUSA  DEF  ATTY  Date

Page 7

concludes that the assistance provided is substantial, truthful, and complete, as required, a departure motion determined by the United States to be appropriate under the circumstances will be made. **The defendant is not offered or promised that a departure motion, or any specific type of motion, will be filed by the United States.**

*Acknowledgments*: The defendant acknowledges that if the defendant commits any local, state, or federal crime (other than at the direction of law enforcement in furtherance of an investigation) that diminishes the defendant's credibility or effectiveness as a witness, the United States may, in the prosecutor's discretion, refuse to file any departure motion even though the defendant may have also provided assistance that is otherwise considered substantial. The defendant acknowledges that no promise has been made and accepts this agreement aware that no such motion will be filed if the United States determines that the information is untruthful, willfully incomplete, of little value, or insubstantial.

*Recommendations*: If the government makes a motion for reduction of sentence, the defendant understands that the United States will also make a recommendation to the Court about the extent of the departure. Although the Court is required to impose any applicable statutorily required penalties, the parties understand that the Court is not bound by the recommendations of either party.

**9. Appeal Waivers:**

a.) *Waiver of Appeal of the Sentence – General*: The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

b.) *Waiver of Appeal of the Sentence – 5K motion/3553(e)*: The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move for a reduction of sentence pursuant to USSG §5K1.1 or 18 U.S.C. § 3553(e) or pursuant to both such provisions to reward the defendant for any substantial assistance provided before sentencing. If any such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal or collaterally attack any aspect

of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. JM 9-27.400.

10. **Sexual Offender Requirements and Agreement to Comply:** Prior to sentencing, the defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators. In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement. The defendant agrees that the entire

evaluation and all testing will be released to the Court, the United States Attorney's Office, and the United States Probation Office.

**11. Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**12. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to



AUSA DEF ATTY Date

induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

13. **Mandatory Detention:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

14. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

15. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement

between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

                                        LEIF M. JOHNSON
                                        Acting United States Attorney

JEFFREY K. STARNES
Assistant U.S. Attorney
Date: 7/20/21

SEAN HENRY WHITE BREMNER
Defendant
Date: 7/20/21

RACHEL JULAGAY
Defense Counsel
Date: 7/20/21