**JEFFREY K. STARNES**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, # 300
Phone:      (406) 761-7715
FAX:         (406) 453-9973
Email:       Jeff.Starnes@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**SEAN HENRY WHITE BREMNER,** *aka "Sean Bremz,"*<br><br>Defendant. | CR 19-65-GF-BMM<br><br><br><br>**SENTENCING MEMORANDUM** |

## INTRODUCTION

While in his early 20's, the defendant engaged in sexualized chats via the internet with underage girls to gratify his sexual desires. As part of these chats, he described crude and graphic sexual acts, sent images of himself masturbating, and on at least one occasion, requested and received nude images from a 15-year-old

1

girl. The defendant's misconduct must be appropriately punished. The United States recommends a sentence of five years of imprisonment, five years of supervised release, and a $100 special assessment.

## OUTSTANDING OBJECTIONS TO THE PSR

The United States has no outstanding objections to the PSR. *See* PSR Addendum.

The defense objects to the inclusion of paragraphs 20-22, 24, and 25 of the PSR, however, none of the objections affect the calculation of the defendant's guideline sentence. Moreover, the PSR correctly notes that pursuant to USSG § 6A1.3, when resolving a disputed concerning a factor important to the sentencing determination, the Court may consider all relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

Here, the disputed paragraphs are relevant background conduct derived from law enforcement reports. They are properly included in the PSR and the defendant's objection should be overruled.

## THE DEFENDANT'S GUIDELINE SENTENCE

As discussed above, the parties do not dispute the guideline calculation in the PSR. The defendant's total offense level is 24 and his criminal history category is I, resulting in a guideline sentence of 51 to 63 months of imprisonment.


girl. The defendant's misconduct must be appropriately punished. The United States recommends a sentence of five years of imprisonment, five years of supervised release, and a $100 special assessment.

## OUTSTANDING OBJECTIONS TO THE PSR

The United States has no outstanding objections to the PSR. *See* PSR Addendum.

The defense objects to the inclusion of paragraphs 20-22, 24, and 25 of the PSR, however, none of the objections affect the calculation of the defendant's guideline sentence. Moreover, the PSR correctly notes that pursuant to USSG § 6A1.3, when resolving a disputed concerning a factor important to the sentencing determination, the Court may consider all relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

Here, the disputed paragraphs are relevant background conduct derived from law enforcement reports. They are properly included in the PSR and the defendant's objection should be overruled.

## THE DEFENDANT'S GUIDELINE SENTENCE

As discussed above, the parties do not dispute the guideline calculation in the PSR. The defendant's total offense level is 24 and his criminal history category is I, resulting in a guideline sentence of 51 to 63 months of imprisonment.

PSR ¶ 83. However, because the offense of conviction carries a mandatory minimum term of 60 months, the defendant's guideline sentence is 60 to 63 months. *See Id*. *See also* USSG § 5G1.1(c)(2).

## SENTENCING ANALYSIS

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forward additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3). The Court should

similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4),(5),(6).

## ARGUMENT

With the above factors in mind, the United States recommends the court impose a sentence of five years of imprisonment, followed by at least five years of supervised release and a $100 special assessment.

The serious nature of the defendant's conduct warrants a guideline sentence of imprisonment of five years. Unquestionably, the sexual abuse of children is one of the most serious crimes cognizable by federal criminal law. In the case of child pornography, the victim's abuse does not end when the sexual abuse is finished. Instead, the child's abuse is memorialized for eternity, and is available to be dispensed with impunity to anyone with a perverse sexual interest in children. Additionally, the defendant's conduct went beyond merely receive images of child pornography. Instead, he engaged in sexualized chats with minors and discussed traveling to meet for sex. The defendant's conduct is clearly serious and a term of five years of imprisonment is needed to address that severity.

Moreover, a term of five years of imprisonment is needed to send message to both the defendant and other who hear about his case, that the sexualization and sexual abuse of underage children will result in severe consequences. Here, a term of five years will send such a message.

4

Finally, a term of supervised release is both mandatory and necessary to ensure that, once released from prison, the defendant takes steps to register as a sex offender, to fully engage in sexual offender treatment, and to reform his conduct. It will also allow the Court to ensure that the defendant takes meaningful steps to rehabilitate himself and hopefully become a positive and contributing member of society.

## CONCLUSION

Based on the foregoing, the United States respectfully recommends a guideline term of 5 years of imprisonment, followed by at least five years of supervised release, and a special assessment of $100.

DATED this 1st day of December 2021.

                                                LEIF M. JOHNSON
                                                United States Attorney

                                                /s/ Jeffrey K. Starnes
                                                JEFFREY K. STARNES
                                                Assistant U.S. Attorney
                                                Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response contains 771 words, excluding the caption and certificate of compliance.

<div style="text-align: right;">

LEIF M. JOHNSON
United States Attorney


/s/ Jeffrey K. Starnes
JEFFREY K. STARNES
Assistant U.S. Attorney
Attorney for Plaintiff

</div>