RACHEL JULAGAY
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
rachel_julagay@fd.org
Phone:  (406) 727-5328
Fax:  (406) 727-4329
        Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS MONTANA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN HENRY WHITE BREMNER *a/k/a Sean Bremz*,<br><br>Defendant. | Case No. CR 19-65-GF-BMM<br><br>**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING** |

Defendant Sean Henry White Bremner, by and through his attorneys, Rachel Julagay, Assistant Federal Defender and the Federal Defenders of Montana, hereby submits his Memorandum in Aid of Sentencing.

I.  **Introduction**

A sentence of no more than 60 months, or five years imprisonment, followed by a term of supervised release, is sufficient and serves the objectives of sentencing.

1

## II. Applicability of Sentencing Factors in 18 U.S.C. § 3553(a)

### A. The Offense and the Offender- 18 U.S.C. § 3553(a)(1)

Sean Bremner is a young man who has made tremendous strides since his arrest and subsequent release on conditions over two years ago. Sean is intelligent and has excelled particularly in mathematics. Sean is dedicated to his family, and benefits from their ongoing support. Sean has also enjoyed athletics for much of his life, and discovered running longer and longer distances while restricted largely to his home for the last two years.

Supervised by United States Probation with fairly onerous terms—home incarceration with location monitoring—Sean has demonstrated perfect compliance with these terms. Unable to leave the house or access the internet, and initially with the added requirement that he be always in the presence of one or both of his parents, Sean and his family complied with these requirements to the letter.[1] As Sean continued to demonstrate his respect and adherence for these court-imposed conditions, the court gradually agreed to requested modifications with the support of the United States Probation Office.

Sean comes from a close-knit family, and court approval permitting Sean supervised contact with his 8-year-old niece and nephew after a few months on

---

[1] This condition was modified subsequent to a defense motion to modify the conditions of pretrial release in April, 2021 to require that Sean only be in the presence of one or both parents *when in the company of minors*. (Doc. 57)

pretrial supervision was extremely important to Sean and his family. Sean is close with his two sisters and both parents and has played a significant role in the lives of both his sister Marissa's daughter and his sister Paula's son. As observed by Sean's mother, Shari Bremner, his sister's children "grew up with Sean always teaching them sports and being like a dad to them since the fathers have not really been in the picture." (Doc. 21-1) Sean and his family are grateful for the time on pretrial release for the over two year period this case has been pending. His father Wesley Bremner observed: "I will be forever grateful to him [Judge Johnston] for allowing us to spend valuable time together as we prepare for what our future holds." (Doc. 76, Exh. 1)

At the time of the instant offense, Sean had experienced a series of losses and was struggling. He was smoking marijuana daily and drinking excessively; he was not moving forward with school or employment. As noted by his sister Marissa: "He [Sean] has dealt with a lot of death among his friends and classmates. Some were killed in car accidents, while others suffered incidents that are more tragic. His senior prom date has now been a missing woman since 2017. One of his good friends from his college basketball team was murdered; another from the same team froze to death in the harsh winter. More recently, he lost his best friend from childhood in a gun accident early this year." (Doc. 21-1)

Despite this series of losses, and the subsequent stress of facing federal criminal charges, Sean sought to make the most of his time on home incarceration.[2] With the gift of an old treadmill from his uncle, Sean began running increasingly longer distances, even participating in the virtual Icebreaker 5K race during the COVID-19 pandemic. Sean also ultimately participated in the Glacier Half Marathon, and his sister Marissa notes he finished 48 out of nearly 2000 runners. (Doc. 76, Exh. 3) Sean also voluntarily agreed to participate in group counseling sessions at the suggestion of his United States Probation pretrial services officer following his guilty plea.

The reality is that Sean's choices and actions that brought him before this court put his life on pause for the last couple years to a great extent. Nonetheless, Sean has made the best of this situation, appreciating the time with family while released on pretrial services and ensuring he was fully compliant so as not to jeopardize that opportunity or place further strain on his family. Sean also has a solid foundation going forward with his family's unwavering support and some of his accomplishments prior to indictment, including obtaining his associates degree from Blackfeet Community College. The considerable community support as demonstrated by numerous letters of support will also enable Sean to move forward

---

[2] This condition was modified to home detention following a defense motion requesting the modification in August, 2020. (Doc. 53)

with his life. Despite the term of imprisonment Sean will be required to serve and other collateral consequences, Sean sincerely hopes to do just that—move forward with his life and not let this situation limit his success. As noted above, while in no way an excuse, Sean was struggling from a series of losses when he began engaging in the offense conduct, but the experience of facing these charges for over two years has led Sean to reevaluate his life. As his sister Marissa observes: "In the end, I believe this situation will be the reason he moves forward in life and will make us all proud." (Doc. 21-1)

### B. The Kinds of Sentences Available- 18 U.S.C. § 3553(a)(3)

The presentence report accurately sets forth the kinds of sentences available.

### C. The Guidelines and Policy Statements

The presentence report accurately sets forth the applicable guidelines in this matter.

### D. Objection to Presentence Report

The defense objects to inclusion of information contained in Paragraphs 20-22 and 24-25 of the presentence report. This information relates to uncharged conduct that was not the subject of the offense to which Mr. Bremner pled guilty, nor of any of the dismissed counts. Because these allegations were not the subject of charges, they were not subject to even the probable cause requirements of grand jury proceedings. Similarly, these charges were likewise not the subject of Federal Rule

of Evidence 413 notice, and as such, were not considered or vetted by the court in motions hearings or other litigation context.

One concern raised by the inclusion of this untested information is an adverse impact on Mr. Bremner's personal safety and his security classification with the Bureau of Prisons, which retains exclusive discretion to assign or transfer a prisoner to any facility. *See*, 28 C.F.R. pt. 524. The potential adverse impact to Mr. Bremner with this untested information is particularly an issue given the sexual nature of the allegations.[3] *See*, generally, BOP Program Statement 5324.10. Given the lack of due process afforded these allegations, the defense objects to the inclusion of this information.

### III. Sentencing in Accordance with the Sentencing Mandate in 18 U.S.C. § 3553(a)(2)

A sentence of no more than 60 months adequately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. A sentence of no more than 60 months also provides for the sentencing goals of general and specific deterrence and avoids unwarranted disparities in sentencing.

Sean's compliance with the terms and conditions of pretrial release for the last two-plus years demonstrates that facing federal charges, even before conviction or

---

[3] *See*, generally, BOP Program Statement 5324.10, *and*, BOP Legal Guide 2019, available at https://www.bop.gov/resources/pdfs/legal_guide_march_2019.pdf, pgs. 31-32, last visited on December 2, 2021.

formally imposed punishment, sufficiently motivated Sean to live not just a law-abiding life, but to successfully comply with far greater restrictions than an average citizen. Sean has already been subject to restrictions and punishment that resulted in his specific deterrence from committing further crimes; it seems reasonable to conclude that this period of extreme restriction will also achieve the aim of general deterrence in combination with the term of imprisonment imposed by the court.

Given that Sean conformed his behavior even prior to formal incarceration it is questionable whether a term of imprisonment is necessary to achieve the overarching goal of sentencing and the parsimony principle—a sentence that is sufficient, but also *not greater than necessary* to achieve the aims of sentencing. After all, Sean is doing everything we would hope for an individual *after* a term of imprisonment, while serving a period of supervised release. Sean is complying with the terms of supervision, avoiding new criminal behavior, abstaining from drugs and alcohol, and now attending counseling. Sean has also done all these things for over two years, an arguably reasonable amount of time to gauge whether Sean can remain compliant long-term.[4]

---

[4] It is acknowledged that the charge to which Sean pled carries a mandatory minimum sentence of both imprisonment *and* supervised release for five years. This point is simply meant to illustrate two years appears to be a sufficient length of time to gauge compliance.

Regardless, the defense acknowledges that the mandatory minimum terms of imprisonment and supervised release restrict the court's discretion in this matter, but would ask the court to consider that a sentence of *no more than sixty months* is certainly sufficient to achieve the aims of sentencing.

### IV. Conclusion

For the reasons stated above, Mr. Bremner requests the Court's consideration.

RESPECTFULLY SUBMITTED this 3rd day of December, 2021.

/s/ Rachel Julagay

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on December 3, 2021, a copy of the foregoing document was served on the following persons by the following means:

  1, 2  CM-ECF
  ____  Hand Delivery
    3   Mail
  ____  Overnight Delivery Service
  ____  Fax
    4   E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. JEFFREY K. STARNES
   Assistant United States Attorney
   United States Attorney's Office
     Counsel for the United States of America

3. SEAN HENRY WHITE BREMNER
     Defendant

4. JESSICA HEIM
     United States Probation Officer


/s/ Rachel Julagay